September 1, 2022

**VIA ECF**

The Honorable Jacqueline Scott Corley
United States District Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:      **Knox Networks, Inc. v. Ryan Tate, et al.,
                    Case No. 3:22-cv-4516-JSC (N.D. Cal.)**

Dear Judge Corley:

      Plaintiff Knox Networks, Inc. and Defendants Ryan Tate and Emergent Financial LLC jointly submit this letter regarding the scope of an agreed-upon preliminary injunction pending the resolution of the underlying dispute between the Parties.

      On August 12, 2022, Knox filed a motion for Preliminary Injunction and Expedited Discovery. On August 29, 2022, the Court ordered the Parties to meet and confer and file a proposal or, if necessary, competing proposals concerning an appropriate preliminary injunction. The Parties have reached agreement on all portions of the proposed preliminary injunction attached as Exhibit A to this letter, **with the exception of Paragraph 3**. That paragraph addresses various electronic devices containing confidential information.

      The Parties' respective positions regarding Paragraph 3 are set forth below.

      **A.**      **Plaintiff Knox's Position Concerning Paragraph 3**

      Defendant Ryan Tate was fired from Knox following his misappropriation of Knox's confidential and proprietary information and improper attempts to "sell" Knox the very intellectual property Knox already owned. Although Mr. Tate has been terminated, electronic devices he used in connection with his work for Knox—two personal computers and a mobile phone—have not been returned to Knox. The Court should include Paragraph 3 of Exhibit A in the preliminary injunction so that those devices are held in trust by Defendants' attorney and Knox's confidential and proprietary information located on those devices is protected during the pendency of this litigation.[1]

      Paragraph 3 sets forth a narrowly tailored protocol through which the devices will be turned over to Defendants' attorney so that Knox's confidential and proprietary information will

---

[1] Consistent with the discussion at the August 29, 2022 hearing and the Parties' substantial progress towards reaching an agreement on an appropriate preliminary injunction, Plaintiff Knox Networks, Inc. is holding its reply brief in support of its Motion for Preliminary Injunction in abeyance. That brief would otherwise be filed on September 2, 2022.

September 1, 2022
Page 2

be promptly and efficiently preserved through forensic imaging.  Once preserved, the pertinent confidential and proprietary information will then be removed from the electronic devices so that those devices can be returned to Mr. Tate for his personal use, which Mr. Tate has indicated is important to him.  While temporarily surrendering these devices may cause some inconvenience to Mr. Tate, that is the consequence of <u>Mr. Tate's decision</u> to use his personal devices in connection with his sensitive and confidential work for Knox.  As Knox has conveyed to Defendants' counsel, Knox will work efficiently and cooperatively with Defendants to conduct this process as quickly as practicable, such that any interruption to Mr. Tate's personal life is minimized.

Knox is willing to confer with Defendants further concerning the process by which Knox's confidential and proprietary data is first secured and then removed from the electronic devices.  The Court should ensure, however, that Defendants take the necessary steps now to prevent continued access to that proprietary information.  Knox's proposed Paragraph 3 ensures that Knox's information is protected while minimizing unnecessary inconvenience to Mr. Tate.

### B. Defendants' Position Concerning Paragraph 3

Defendants oppose any requirement under the so-called "stipulated" preliminary injunction to force a party to engage in discovery at this time. Paragraphs 1 and 2 already protect the information at issue in the case. The court has already denied Plaintiff's bid for early discovery. The purpose of a stipulated preliminary injunction is to maintain the *status quo*; "Paragraph 3" is a mandatory injunction to which Defendants do not stipulate.

[Signature page follows]

September 1, 2022
Page 3

The parties thank the Court for its time and consideration.

Respectfully submitted,

| BRAUNHAGEY & BORDEN LLP | BAY OAK LAW FIRM |
|---|---|
| By: /s/ Douglas S. Curran | By: /s/ Andrew K. Jacobson  (*by consent*) |
| J. Noah Hagey, Esq. (SBN: 262331) | Andrew K. Jacobson, Esq. (SBN:148583) |
|  hagey@braunhagey.com |  andy@bayoaklaw.com |
| Matthew Borden, Esq. (SBN: 214323) | BAY OAK LAW FIRM |
|  borden@braunhagey.com | 1939 Harrison St., Suite 929 |
| BRAUNHAGEY & BORDEN LLP | Oakland, CA 94612 |
| 351 California Street, 10th Floor | Tel.: (510) 208-5500 |
| San Francisco, CA 94104 | Fax: (510) 208-5511 |
| Tel.: (415) 599-0210 | |
| Fax: (415) 276-1808 | *Counsel for Defendants Ryan Tate and Emergent Financial, LLC* |
| | |
| Douglas S. Curran, Esq. (*pro hac vice*) | |
|  curran@braunhagey.com | |
| Melissa Ginsberg, Esq. (*pro hac vice*) | |
|  ginsberg@braunhagey.com | |
| BRAUNHAGEY & BORDEN LLP | |
| 118 W. 22nd Street, 12th Floor | |
| New York, NY 10011 | |
| Tel. & Fax: (646) 829-9403 | |

*Attorneys for Plaintiff Knox Networks, Inc.*