# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNOX NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RYAN TATE, EMERGENT FINANCIAL, LLC, and JOHN DOES 1-5, <br><br> Defendants. | Case No.: 3:22-cv-4516-JSC <br><br> **[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION** <br><br> Judge: The Honorable Jacqueline Scott Corley <br><br> Action Filed: August 4, 2022 |

# PRELIMINARY INJUNCTION

On August 4, 2022, Plaintiff Knox Networks, Inc. filed this action. On August 12, 2022, Knox filed a Motion for Preliminary Injunction and Expedited Discovery. Upon full consideration of the parties' papers, the arguments of counsel, and other files and papers herein, and for good cause shown, the Court hereby **ORDERS** as follows:

1. **Disputed Data & Information:** Defendants Ryan Tate and Emergent Financial LLC are hereby enjoined and restrained from:

    a. Retaining any (i) Confidential Information, as that term is defined in Mr. Tate's Employment Agreement with Knox; (ii) software code related to Mr. Tate or Emergent's work for Knox, including the software code known as the Programmable Money Code and the software code previously referred to as Monetae, and any related work product; and/or (iii) any other information or property belonging to Knox. Subject to the other provisions of this Order, Defendants' counsel may quarantine and hold in trust certain devices and information, as described below.

    b. Accessing, using, altering, or disclosing any of the information described in Paragraph 1(a).

    c. Attempting to sell, license, hypothecate, or otherwise transfer or make available to the public any of the information or data described in Paragraph 1(a).

    d. Destroying, altering, or otherwise modifying any documents relevant to the Parties' dispute (except as specified in Paragraph 3(d)).

2. **Defendants' Representations:** Defendants represent to the Court that:

    a. They have not used any electronic devices in connection with their work for Knox aside from (i) two personal computers identified in Mr. Tate's July 30, 2022 email to Knox (the "Computers"), (ii) Mr. Tate's mobile phone (together with the Computers, the "Electronic Devices"), and (iii) a laptop provided by Knox, which has already been returned to Knox.

    b. They have already sent the Computers to Defendants' counsel to hold in trust.

    c. They do not presently have access to or possession of any information described in Paragraph 1(a) (including the software code known as the Programmable Money Code and the software code previously referred to as Monetae), aside from the

        information stored on Mr. Tate's mobile phone (which is subject to Paragraph 3).

    d.    They have (i) identified all repositories of data and information that Defendants used or accessed in connection with their work for Knox; and (ii) provided all administrative credentials, passwords, protocols, keys, and/or any other login information related to any such repositories.

    e.    They have not disclosed any of the information described in Paragraph 1(a) to anyone other than Knox personnel or Defendants' counsel.

The Court accepts these representations for purposes of this Order. The Court may issue further relief in the event any of these representations are inaccurate or incomplete.

    3.    **Defendants' Electronic Devices:** With respect to Defendants' Electronic Devices (as defined above):

    a.    Defendants shall immediately refrain from accessing those devices.

    b.    Within 24 hours of this Order, to the extent they have not already done so, Defendants shall provide such devices to their counsel to hold in trust.

    c.    Within 7 days of this Order, Defendants shall cause forensic digital images of such devices to be captured by forensic professionals, to be agreed upon by counsel. Defendants' counsel shall preserve a copy of the forensic images of the Electronic Devices.

    d.    Following such forensic imaging and data recovery described in Paragraph 3(c), if Defendants would like the Electronic Devices returned to them, the Parties shall work cooperatively to identify and remove any information identified in Paragraph 1(a) from those devices, in a method to be agreed between the Parties, following which the devices may be returned to Defendants.

This Order shall remain in effect pending final resolution of the dispute between the Parties or further order from this Court.

**IT IS SO ORDERED.**

Dated: _____, 2022

                                             Hon. Jacqueline Scott Corley
                                             United States District Judge