# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNOX NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RYAN TATE, EMERGENT FINANCIAL, LLC, and JOHN DOES 1-5, <br><br> Defendants. | Case No.: 3:22-cv-4516-JSC <br><br> **[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION** <br><br> Judge: The Honorable Jacqueline Scott Corley <br><br> Action Filed: August 4, 2022 |

# PRELIMINARY INJUNCTION

On August 4, 2022, Plaintiff Knox Networks, Inc. filed this action. On August 12, 2022, Knox filed a Motion for Preliminary Injunction and Expedited Discovery. Upon full consideration of the parties' papers, the arguments of counsel, and other files and papers herein, and for good cause shown, the Court hereby **ORDERS**, with the consent of the parties, as follows:

1. **Disputed Data & Information:** Defendants Ryan Tate and Emergent Financial LLC are hereby enjoined and restrained from:

   a. Retaining any

      i. Confidential Information, as that term is defined in Mr. Tate's Employment Agreement with Knox,

      ii. software code related to Mr. Tate or Emergent's work for Knox, including the software code known as the Programmable Money Code and the software code previously referred to as Monetae, and any related work product, and/or

      iii. any other information or property belonging to Knox. Subject to the other provisions of this Order, Defendants' counsel may quarantine and hold in trust certain devices and information, as described below.

   b. Accessing, using, altering, or disclosing any of the information described in Paragraph 1(a).

   c. Attempting to sell, license, hypothecate, or otherwise transfer or make available to the public any of the information or data described in Paragraph 1(a).

   d. Destroying, altering, or otherwise modifying any documents relevant to the Parties' dispute.

2. **Defendants' Representations:** Defendants represent to the Court that:

   a. They have not used any electronic devices in connection with their work for Knox aside from
      i. two personal computers identified in Mr. Tate's July 30, 2022 email to Knox (the "Computers"),
      ii. Mr. Tate's mobile phone (together with the Computers, the "Electronic Devices"), and
      iii. a laptop provided by Knox, which has already been returned to Knox.

   b. They have already sent the Computers to Defendants' counsel to hold in trust.

  c. They do not presently have access to or possession of any information described in Paragraph 1(a) (including the software code known as the Programmable Money Code and the software code previously referred to as Monetae), aside from the information stored on Mr. Tate's mobile phone.

  d. They have:

    i. identified all repositories of data and information that Defendants used or accessed in connection with their work for Knox, and

    ii. provided all administrative credentials, passwords, protocols, keys, and/or any other login information related to any such repositories.

  e. They have not disclosed any of the information described in Paragraph 1(a) to anyone other than Knox personnel or Defendants' counsel.

The Court accepts these representations for purposes of this Order. The Court may issue further relief in the event any of these representations are inaccurate or incomplete.

 This Order shall remain in effect pending final resolution of the dispute between the Parties or further order from this Court.

**IT IS SO ORDERED.**

Dated: _____, 2022

                   Hon. Jacqueline Scott Corley
                   United States District Judge