UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNOX NETWORKS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>RYAN TATE, et al.,<br><br>  Defendants. | Case No. 22-cv-04516-JSC<br><br>**ORDER RE: MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 21, 39 |

Pending before the Court is Plaintiff's motion for a preliminary injunction. (Dkt. No. 21.) The Court held a hearing on Plaintiff's motion for expedited discovery on August 29, 2022. Upon review of the parties' written submissions, including Plaintiff's motion for preliminary injunction, the Court realized that Defendants had agreed to most of the interim equitable relief sought by Plaintiff. Accordingly, at the August 29, 2022 hearing, the Court directed the parties to meet and confer as to the terms of a stipulated injunction, a process to which Defendants were amenable.

The parties met in good faith and submitted a stipulated preliminary injunction with one exception. (Dkt. No. 39.) The Court declines to issue the relief included in Plaintiff's proposed paragraph 3. At a minimum, Plaintiff has not shown that it will suffer any harm if the proposed relief is not entered. Accordingly, pursuant to the parties' stipulation, the Court orders:

    **1.**    **Disputed Data & Information:** Defendants Ryan Tate and Emergent Financial LLC are enjoined and restrained from:

> a. Retaining any (i) Confidential Information, as that term is defined in Mr. Tate's Employment Agreement with Knox; (ii) software code related to Mr. Tate or Emergent's work for Knox, including the software code known as the Programmable Money Code and the software code previously referred to as Monetae, and any related work product; and/or (iii) any other information or property belonging to Knox. Subject to the other provisions of this Order, Defendants'

counsel may quarantine and hold in trust certain devices and information, as described below.

b. Accessing, using, altering, or disclosing any of the information described in Paragraph 1(a).

c. Attempting to sell, license, hypothecate, or otherwise transfer or make available to the public any of the information or data described in Paragraph 1(a).

d. Destroying, altering, or otherwise modifying any documents relevant to the Parties' dispute.

**2.     Defendants' Representations:** Defendants represent to the Court that:

a. They have not used any electronic devices in connection with their work for Knox aside from (i) two personal computers identified in Mr. Tate's July 30, 2022 email to Knox (the "Computers"), (ii) Mr. Tate's mobile phone (together with the Computers, the "Electronic Devices"), and (iii) a laptop provided by Knox, which has already been returned to Knox.

b. They have already sent the Computers to Defendants' counsel to hold in trust.

c. They do not presently have access to or possession of any information described in Paragraph 1(a) (including the software code known as the Programmable Money Code and the software code previously referred to as Monetae), aside from the information stored on Mr. Tate's mobile phone.

d. They have (i) identified all repositories of data and information that Defendants used or accessed in connection with their work for Knox; and (ii) provided all administrative credentials, passwords, protocols, keys, and/or any other login information related to any such repositories.

e. They have not disclosed any of the information described in Paragraph 1(a) to anyone other than Knox personnel or Defendants' counsel.

The Court accepts these representations for purposes of this Order.  The Court may issue further relief in the event any of these representations is inaccurate or incomplete.  This Order remains in effect pending further Order of the Court or resolution of the parties' dispute.

Plaintiff's motion for a preliminary injunction is denied as moot.

This Order disposes of Docket Nos. 21, 39.

//

//

//

2

**IT IS SO ORDERED.**

Dated: September 2, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge