UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNOX NETWORKS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>RYAN TATE, EMERGENT FINANCIAL, LLC, and JOHN DOES 1–5,<br><br>        Defendants. | Case No. 3:22-cv-4516-JSC<br><br>**STATUS REPORT, STIPULATION, AND [PROPOSED] ORDER** |

**WHEREAS**, on August 4, 2022, Knox Networks, Inc. ("Knox") filed a Complaint seeking relief before this Court; and

**WHEREAS**, on August 24, 2022, Defendants Ryan Tate and Emergent Financial, LLC ("Emergent") filed a Motion to Compel Arbitration and Stay Claims (ECF No. 32); and

**WHEREAS**, on September 7, 2022, Knox initiated arbitration before the Judicial Arbitration and Mediation Services, Inc. ("JAMS") in San Francisco, California (the "Arbitration"); and

**WHEREAS**, on October 3, 2022, the Court ordered the Parties to meet and confer regarding the Arbitration (ECF No. 45); and

**WHEREAS**, the Parties met and conferred and have reached an agreement concerning the Arbitration;

**NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE** that:

1. The Arbitration shall proceed within the existing JAMS arbitration initiated by Knox in San Francisco, California, Case No. 5100000589, and served upon Emergent and Tate as of September 7, 2022.

2. Any dispute regarding which procedural rules apply to a Party and/or its claim(s) or defense(s) shall be determined by the Arbitrator in accordance with the applicable agreement and incorporated procedural rules and choice of law including, without limitation, such rules and law regarding the apportionment of arbitral fees and costs.

3. Each Party reserves the right to argue that a particular procedural or substantive arbitral rule governs its claims and/or defenses, or applies to the appropriate allocation of fees accrued in connection with the Arbitration. Any dispute concerning the applicable procedural rule, choice of law, and other such matters, shall be resolved by the Arbitrator.

4. This Court shall retain jurisdiction concerning any disputes regarding the September 2, 2022 Preliminary Injunction (ECF No. 40). Any Party may seek interim or provisional injunctive relief, including a preliminary injunction, in this Court either prior to or during arbitration if necessary to protect the interests of such Party.

**IT IS SO STIPULATED AND AGREED.**

Dated: October 14, 2022

BRAUNHAGEY & BORDEN LLP

By: /s/ J. Noah Hagey
J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Tel.: (415) 599-0210
Fax: (415) 276-1808

Douglas S. Curran, Esq.
  curran@braunhagey.com
Melissa Ginsberg, Esq.
  ginsberg@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W. 22nd Street, 12th Floor
New York, NY 10011
Tel. & Fax: 646-829-9403

*Attorneys for Plaintiff Knox Networks, Inc.*

BAY OAK LAW FIRM

By: /s/ Andrew K. Jacobson
Andrew K. Jacobson, Esq. (SBN: 148583)
  andy@bayoaklaw.com
BAY OAK LAW FIRM
1939 Harrison St., Suite 929
Oakland, CA 94612
Tel.: (510) 208-5500
Fax: (510) 208-5511

*Attorneys for Defendants Ryan Tate and Emergent Financial, LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  October 21 , 2022

_____
Hon. Jacqueline Scott Corley
United States District Judge